People v Daniels (2022 NY Slip Op 00982)





People v Daniels


2022 NY Slip Op 00982


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Ind. No. 2996/17 Appeal No. 15305 Case No. 2019-2007 

[*1]The People of the State of New York, Respondent,
v
Shawn Daniels, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), and Freshfields Bruckhaus Deringer US LLP, New York (Olivia P. Greene of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 18, 2018, convicting defendant, after a jury trial, of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. Direct and circumstantial evidence established all the elements of each of the charges.
First, the evidence supports the inference that the victim's injuries were caused by defendant, and not some other participant in the altercation. In particular, a videotape shows defendant dragging some kind of object along the victim's head in the location of his injuries.
Disfigurement, for purposes of both assault convictions (Penal Law § 120.10[1],[2]) was established by evidence supporting a reasonable inference that the more than nine-inch readily visible scar on the victim's head was objectively "distressing and objectionable" (People v McKinnon, 15 NY3d 311, 315 [2010]). This inference is supported by, among other things, photographs revealing how this scar appeared at the time of the trial. The evidence also showed that the victim's cuts could only have been caused by a dangerous instrument (see e.g. People v Tapia, 151 AD3d 437, 439 [1st Dept 2017], affd 33 NY3d 257 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022